IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| KENNETH L. SATTERFIELD | : | BANKRUPTCY NO.: 5-10-bk-00307 |
| a/k/a KENNETH SATTERFIELD | : | |
| f/d/b/a E/L. FIELDS TRANSPORT | : | |
| WANITA A. SATTERFIELD | : | |
| a/k/a WANITA SATTERFIELD | : | |
| a/k/a WANITA A. CLEVENGER | : | |
| a/k/a WANITA CLEVENGER | : | |
|     DEBTORS | : | |
| | : | |
| KENNETH L. SATTERFIELD and | : | {**Nature of Proceeding**: Defendant's |
| WANITA A. SATTERFIELD, | : | [Town & Country Leasing, LLC] |
| | : | Motion to Dismiss Pursuant to Fed.R.Civ. |
|     PLAINTIFFS | : | P. 12(b) and Fed.R.Bankr.P. 7012 |
| | : | (Doc. #7)} |
| vs. | : | |
| | : | |
| TOWN & COUNTRY LEASING, LLC and | : | |
| CHARLES J. DeHART, III, ESQ., | : | |
| CHAPTER 13 TRUSTEE, | : | |
|     DEFENDANTS | : | **ADVERSARY NO.: 5-10-ap-00183** |

# OPINION[1]

On May 14, 2010, the Plaintiffs filed a Complaint to Declare Judgment Lien Void Under Section 11 U.S.C. Section 547(b). The allegations of the Complaint essentially parrot the statutory requirements necessary to avoid a preferential transfer under 11 U.S.C. § 547(b) of the Bankruptcy Code. The Complaint was met by Defendant's Motion to Dismiss which questions the standing of the Plaintiffs to bring a preferential transfer Complaint against the Defendant.

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

Section 547(b) empowers the trustee with the right to avoid preferential transfers. See 11 U.S.C. § 547(b). Within certain stated parameters, however, debtors may initiate to conclusion preferential transfer actions on their own behalf pursuant to 11 U.S.C. § 522(h). For its part, the Defendant's Brief raises issues addressing the extent to which Plaintiffs can use Section 547 to avoid the full amount of the judgment lien and question the extent to which alleged exemptions may be impaired under 11 U.S.C. § 522. In the Plaintiffs' response to Defendant's Motion to Dismiss and Brief in Support, Plaintiffs raise both factual allegations and legal issues which arguably support their position that they have standing pursuant to 11 U.S.C. § 522(h) to bring the underlying preference action under Section 547(b). Nevertheless, factual allegations that do not appear in the Complaint cannot be considered in disposing of the immediate Motion.

Keeping in mind the current procedural posture of the underlying adversary proceeding, I will rule on the Defendant's Motion to Dismiss by looking to the four corners of the underlying adversary Complaint and the Motion to Dismiss under the dictates of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008). In reviewing the underlying Complaint under those standards, I find that the Plaintiffs have not alleged, *in their Complaint*, sufficient factual or legal elements to prove standing to bring the underlying preferential Complaint against the Defendant. *See In re Andrews,* 262 B.R. 299 (Bkrtcy.M.D. Pa. 2001); *Howe v. Creditors Interchange Receivables Management, LLC, et al. (In re Howe)*, 2009 WL 2916935 (Bkrtcy.E.D.Pa., May 27,

2009) and *Suelflow v. Ambank (In re Suelflow)*, 2008 WL 5157864 (Bkrtcy.D.N.M., July 28, 2008). I find that the Complaint does not state a claim for which relief can be granted against the Defendant.

The Motion to Dismiss filed by the Defendant, Town & Country Leasing, LLC, is granted.

However, the Plaintiffs are hereby granted leave to file an Amended Complaint in conformance with this Opinion on or within thirty (30) days of the Order accompanying this Opinion, should the Plaintiffs choose to proceed further with this litigation.

My Order will follow.

By the Court,

Date: September 7, 2010

John J. Thomas, Bankruptcy Judge
(CMS)