IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| KENNETH L. SATTERFIELD aka | : | BANKRUPTCY NO.: 5-10-bk-00307 |
| KENNETH SATTERFIELD fdba | : | |
| E/L. FIELDS TRANSPORT | : | |
| WANITA A. SATTERFIELD aka | : | |
| WANITA SATTERFIELD aka | : | |
| WANITA A. CLEVENGER aka | : | |
| WANITA CLEVENGER, | : | |
| | : | |
| DEBTORS | : | |
| | : | {**Nature of Proceeding**: Town & Country |
| KENNETH L. SATTERFIELD AND | : | Leasing, LLC's Motion to Extend or Enlarge |
| WANITA A. SATTERFIELD, | : | Time to file Brief in Support of its Motion to |
| | : | Dismiss the Amended Complaint of Debtors |
| PLAINTIFFS | : | (Doc. #24) |
| | : | |
| vs. | : | **AND** |
| | : | |
| TOWN & COUNTRY LEASING, LLC | : | Town & Country Leasing, LLC's Motion to |
| and CHARLES J. DeHART, III, ESQ., | : | Dismiss the Amended Complaint of Debtors |
| CHAPTER 13 TRUSTEE, | : | (Doc. #21) |
| | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-10-ap-00183** |

# **OPINION**[1]

Docket entry number 24 in the above-captioned adversary proceeding is a Motion to Extend Time to file a Brief in Support of its Motion to Dismiss filed by the above-captioned Defendant, Town & Country Leasing, LLC. On October 22, 2010, the Defendant filed a Motion to Dismiss the adversary proceeding (Doc. #21) which was subsequently answered by the Plaintiffs on November 5, 2010. Though the Plaintiffs filed an Answer to the Motion to Dismiss,

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

(Doc. #22), they did not file a brief in opposition pursuant to Local Bankruptcy Rule 7002-1. By correspondence dated December 2, 2010, Plaintiffs asked the Court to dismiss the Motion to Dismiss because an accompanying brief was not filed by the Defendant in support of its Motion. The Court notes that the Plaintiffs also did not file a supporting brief as required by Local Bankruptcy Rule 7002-1. Thereafter, on December 6, 2010, the Defendant filed a Motion for Extension of Time to file a brief.

The Plaintiffs have failed to comply with the same local bankruptcy briefing rules they suggest the Court should utilize to dismiss Defendant's Motion to Dismiss. The Court always prefers to rule on the merits of a Motion as opposed to disposing of matters on procedural niceties. Therefore, finding that Defendant's brief is identical to the one attached on the docket in support of an earlier Motion to Dismiss and finding no prejudice to the Plaintiffs, the Court will grant the Motion for Extension of Time to file a brief in support of the underlying Motion to Dismiss which brief is found on the docket at number 25.

The Court will now turn its attention to the merits of the underlying Motion to Dismiss.

Defendant asserts that Count I of the Plaintiffs' Amended Complaint should be dismissed because the Debtors do not have standing to bring a preference action under § 547 of the Bankruptcy Code. This Court has previously held that 11 U.S.C. § 522(h) affords a debtor standing to pursue actions under § 547 if the lien sought to be avoided impairs the debtor's exemptions. See *In re Andrews*, 262 B.R. 299 (Bankr. M.D.Pa. 2001). The extent to which the Debtors may use the avoiding powers under § 522 of the Bankruptcy Code is a matter the Court thinks is best left for resolution at the time of trial of the underlying Complaint.

The Defendant argues that Count II of the Plaintiffs' Amended Complaint should be

dismissed because a debtor may not use the avoidance powers of § 1322(b) to void a lien after there is a confirmed Chapter 13 Plan. The Court notes that the Defendant did not provide any case law to support this argument but did cite the provisions of Bankruptcy Code § 1322(b). Subsequent to the filing of the Amended Complaint, Debtors filed a Motion to Modify Plan together with a Second Amended Modified Plan which indicated, at subparagraph 2.D. that

    2.    SECURED CLAIMS

          D.    <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED IN THE PLAN OR AN ADVERSARY ACTION WILL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY FO THE LIEN (Select method in last column):

| Name of Creditor | Description of collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| BAC Home Loan Srvcing, L.P. | 43 Gardner Road Newfoundland, PA 18445 | None | N/A | None | Adversary |
| Town & Country Leasing | 43 Gardner Road Newfoundland, PA 18445 | None | N/A | None | Adversary |

Second Amended Plan filed 12/14/2010 in Case No. 5:10-bk-00307 (Doc. #44).

The docket reflects that no objection were made to the Second Amended Modified Plan nor the Motion to Modify Plan, and in that regard, an Order was entered granting the Motion to Modify Plan on January 7, 2011 at Doc. #47.

Defendant requests that Count II should also be dismissed because the Debtors cannot seek to determine the validity and extent of a judgment lien under § 506(d) because the Defendant has an allowed, secured claim pursuant to a timely filed Proof of Claim. Plaintiffs counter-argue that the lien should be avoided in its entirety under § 506 because the fair market value is less than the balance owed on the Defendant's judicial lien. While a proceeding to determine the validity, priority, and extent of the lien is properly brought as an adversary, the Court determines that Count II is also an objection to the underlying Proof of Claim and is a subject which will be entertained within the underlying adversary.

Finally, as to the remaining arguments advanced by the Defendant for dismissal of the Counts of the Complaint under Section 549, 550, and 11 U.S.C. § 502, the Court finds that the Complaint survives scrutiny under the dictates of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. —, 129 S.Ct. 1937, 173 L.Ed.2d 868, 884 (2009). Utilizing those standards, I find the instant Complaint survives the instant Motion to Dismiss. The Defendant is hereby ordered to file an Answer or other responsive pleading to the Complaint on or within twenty-one (21) days of the date of this Order.

An Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: April 11, 2011